UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:15-cr-0154-JMS-TAB |
| | ) | |
| LAWRENCE GREEN, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On March 26, and April 8, 2019, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on February 27, March 20, and April 8, 2019. Defendant Green appeared in person with his appointed counsel Gwendolyn Beitz.  The government appeared by Nicholas Linder, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Chris Dougherty.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Green of his rights and provided him with a copy of the petition.  Defendant Green orally waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Green admitted violation numbers 1, 3, 3a, 4, 5, 7, and 10.  [Docket Nos. 46, and 51]  Government moved to dismiss violation numbers 2, 3b, 6, 8, 9, 11, and 12.

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |

Lawrence Green submitted five positive urine screens since he began supervision. He admitted illegal drug use for all five screens, but disputes the types of illegal drugs found in his most recent screen. The screens are as follows: September 17, 2018: positive for marijuana; October 3, 2018: positive for amphetamines and marijuana; November 6, 2019: positive for synthetic marijuana; November 30, 2018, positive for amphetamine; February 8, 2019: positive for opiates (Oxycodone), amphetamine (methamphetamine), and marijuana.

During a search of the offender's residence on February 8, 2019, this officer located burned roaches of suspected marijuana.

| | |
|---|---|
| 3 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse testing and/or treatment in accordance with his ability to pay."** |

The offender failed to report for six random urine drug screens on: December 6, 2018; December 17, 2018; December 20, 2018; January 22, 2019; February 5, 2019; and February 6, 2019.

The offender was referred for substance abuse treatment on October 5, 2018. The offender has failed to report on at least seven occasions to the Indianapolis Treatment Center for substance abuse treatment.

| | |
|---|---|
| 4 | **"The defendant shall participate in a program of mental health treatment as directed by the probation officer."** |

The offender was referred to mental health treatment on October 11, 2018. He has failed to appear for four scheduled sessions, and has not seen the therapist since November 6, 2018, for his assessment appointment. He has been directed numerous times to schedule appointments with the therapist.

| | |
|---|---|
| 5 | **"The defendant shall not leave the judicial district without the permission the court or probation officer."** |

On February 4, 2019, this officer received notification that Lawrence Green was being questioned by officers of the Medaryville Police Department in Pulaski County, which is in the Northern District of Indiana. This officer received body cam footage from the officer who encountered the offender and verified the offender was in the video and verbally provided his name and date of birth.

On February 14, 2019, this officer received information that police in Michigan City, Indiana, in the Northern District of Indiana, were having contact with the offender. The officer who responded to a call of a disturbance at the Blue Chip Casino hotel advised that he encountered Lawrence Green. This officer received body cam images of the incident and identified Lawrence Green.

The offender did not request, nor was he given permission by the probation officer to leave the district on any occasion.

| | |
|---|---|
| 7 | "The defendant shall notify the probation officer within 72 hours of beign arrested or having any official law enforcement contact." |

Lawrence Green failed to notify the probation officer regarding any of the three above-listed law enforcement contacts on: February 23, 2019, February 14, 2019, and February 5, 2019.

| | |
|---|---|
| 3a | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month.  The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse testing and/or treatment in accordance with his ability to pay."** |

The offender failed to report for two additional random urine drug screens on: March 6, 2019, and March 13, 2019. This makes a total of 8 missed drug screens. This officer conducted a home exam at the offender's residence on March 7, 2019, and he was directed to submit a urine screen, to be collected by another officer. The offender stated he was refusing to submit a screen because he would test positive.

| | |
|---|---|
| 10 | **"The defendant shall notify the probation officer within 72 hours of being arrested or having any official law enforcement contact.** |

Lawrence Green failed to notify the probation officer regarding contact with the police on February 13, 2019, when he was issued a summons by

3

an officer of the Indianapolis Police Department. He also failed to notify the probation officer when he was a passenger in a traffic stop conducted by Fishers Police Department on March 12, 2019.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 18 to 24 months' imprisonment.

5. The parties jointly recommended a sentence of nineteen (19) months with no supervised release to follow. Defendant requested placement at FCI Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of nineteen (19) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FCI Terre Haute.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 04/12/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal